1  L. Quintana, Esq. (SBN 157291)
   Gerald E. Sarte (SBN 177639)
2  Quintana McConnin & Sarte LLP
   450 B Street Suite 1430
3  San Diego, CA 92101
   Telephone: 619.231.6655
4  Facsimile: 619.243.0080
5
   Todd C. Atkins (SBN 208879)
6  Atkins & Davidson, APC
   450 B Street, Suite 1430
7  San Diego, CA 92101
   Telephone: (619) 255-2380
8  Facsimile: (619) 231-4984
9
   Attorneys for Plaintiff
10 Viola Frison

11                    **UNITED STATES DISTRICT COURT**

12                  **SOUTHERN DISTRICT OF CALIFORNIA**

13 Viola Frison,                          Case No.: **'09 CV 1733 LAB    NLS**

14
                              Plaintiff,  **COMPLAINT FOR**
15
16         v.                             1. VIOLATION OF RESPA 12 U.S.C.
                                          §2605 *et seq.*
17 WMC Mortgage Corporation; Saxon Mortgage   2. VIOLATION OF TRUTH-IN-LENDING
   Services, Inc.; and all other claimants of   ACT 15 U.S.C. §1601 *et seq.*
18 whatsoever kind and character against real   3. VIOLATION OF BUSINESS &
   property commonly known as 440 Ringwood   PROFESSIONS CODE 17200
19 Drive, San Diego, CA 92114; APN 583-703-   4. NEGLIGENT MISREPRESENTATION
20 20; and DOES 1 through 100 inclusive,   5. FRAUD
                                          6. RESCISSION
21                            Defendants.  7. QUASI CONTRACT
                                          8. DETERMINATION OF VALIDITY OF
22                                        LIEN
23                                        **DEMAND FOR JURY TRIAL**
24
25
26
27                                        ORIGINAL
28

QMS Law
450 B St. #1430
San Diego, CA 92101

## THE PARTIES

1.     Plaintiff Viola Frison (hereinafter "Plaintiff" or "FRISON") is and at all times mentioned herein was an individual, residing in the County of San Diego.  Plaintiff is the owner of certain real property commonly known as 440 Ringwood Drive, San Diego, CA 92114; APN 583-703-20, County of San Diego (hereinafter "Subject Property").

2.     Plaintiff is as yet unaware of the identity of the Broker ("BROKER") to the loan transaction at issue in this litigation because defendant Saxon Mortgage Services, referred to in Paragraph 4 of this Complaint, failed to respond to Plaintiffs' requests for loan-related documents. Plaintiff alleges the claims herein against the Broker of the at issue loan, and will substitute the Broker as a DOE Defendant when its identity is ascertained during discovery.  Upon information and belief, Broker is, and at all time mentioned was, doing business in the State of California and in the County of San Diego.

3.     Defendant WMC Mortgage Corporation (hereinafter "WMC" or "Originating Lender") is an entity, form unknown, with a principal place of business to be determined in discovery.  WMC is, and at all times mentioned was, doing business in the State of California and in the County of San Diego.

4.     Defendant Saxon Mortgage Services, Inc. (hereinafter "Saxon" or "Servicer") is an entity, form unknown, with a principal place of business to be determined in discovery.  Saxon is, and at all times mentioned was, doing business in the State of California and in the County of San Diego.

5.     This action pertains to an alleged note, loan and security interest originated by BROKER and WMC Mortgage Corporation known as loan # 2000024615 (the "LOAN").

6.     Plaintiff intends this action and this document to represent a formal complaint and also act as a "qualified written request."  This Complaint contains Plaintiff's name, premises address, account numbers, and demands in connection with the subject LOAN as to each originating lender and each subsequent servicer:

        a.   that each lender, servicer, creditor or owner justify any legal right to service, own, be named "creditor" and provide proof that Defendants, and each of them in fact has ownership or other authority regarding the LOAN;

2

COMPLAINT

Copyright 2009 QuickDraw All Rights Reserved

b.  that each lender, servicer, creditor or owner provide Plaintiff an opportunity to inspect all the original Notes and Deeds relating to the LOAN;

c.  that each lender, servicer, creditor or owner state and prove that it did not violate Real Estate Settlement Procedures Act ("RESPA") regarding the LOAN, or admit that it violated RESPA;

d.  that each lender, servicer, creditor or owner identify each and every transfer or sale to others of any rights in the LOAN, the Subject Property or the Note, along with a copy of each notice provided to Plaintiff of such transfer or sale;

e.  that each lender, servicer, creditor or owner in possession of any Truth-in-Lending disclosure, settlement statement or HUD-1 provide a copy of the same to Plaintiff;

f.  that each lender, servicer, creditor or owner provide a copy of any notice of cancellation rights, notice of rescission rights, or correspondence or written document discussing cancellation rights or rescission rights to Plaintiff;

g.  that each lender, servicer, creditor or owner provide a complete list of all telephone logs, communications logs, and correspondence logs, as well as all recordings, documents and digital versions of the subject matter of these logs to Plaintiff;

h.  that each lender, servicer or creditor provide documentation and proof of ownership for all parties currently holding any ownership rights under the note relating to these LOAN, and provide an opportunity to inspect the original note and trust deed under which each lender, servicer or creditor claims any rights to receive payments.

7.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. DOES 1-100 at all times relevant herein were employees and/or agents of Defendants and each of them. Plaintiff will designate each DOE Defendant and serve them with this Complaint when their true names and capacities have been ascertained. Plaintiff alleges that each of said Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused or is responsible in some manner for the damages proximately caused hereby.

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2009 QMS Law. All Rights Reserved.

8.    Plaintiff is informed and believes that at all times mentioned herein all of Defendants acted in concert with the other Defendants named in this Complaint in the wrongful and improper activities alleged and, therefore, are responsible for the damages as alleged by Plaintiff.  Plaintiff is further informed and believes that at all times mentioned herein each individual, employee and person named in this Complaint was the agent and/or employee of each of the remaining Defendants and/or Defendant Employers, and acted in concert for the purpose of injuring Plaintiff as alleged herein.

9.    Plaintiff is further informed and believes that at all times mentioned herein each Defendant and individual named in this Complaint was acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.  Plaintiff is informed and believes that at all times mentioned herein, that all Defendants are liable for the actions of each of the individuals mentioned herein.

10.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendants have pursued a common course of conduct, acted in concert with, and conspired with, each other, and have aided and abetted one another to accomplish the wrongs complained herein.

### JURY TRIAL DEMANDED

Plaintiff complains against Defendants herein and demands a trial by jury on all issues.

### JURISDICTION AND VENUE

11.    This court has jurisdiction pursuant to 28 U.S.C. 1331 under the following statutes: the Truth-in-Lending Act, 15 U.S.C. 1601 *et seq.* ("TILA") and RESPA 12 U.S.C. §2605 and 12 U.S.C. §2601 *et seq.*

12.    In addition, this court has supplemental jurisdiction over all state claims alleged herein pursuant to 28 U.S.C. §1367.

13.    Venue in this district is proper pursuant to 28 U.S.C §1391(b) because Plaintiff resides in this district, Defendants do business in this district, the Subject Property is in this district, and all events in question took place in this district.

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2008 QMS Law. All rights Reserved

## FACTS COMMON TO ALL CAUSES OF ACTION

14.    At the request of BROKER, WMC and others, Plaintiff obtained loan #2000024615 from WMC on or about 10/12/2004.

## LOAN ORIGINATION

15.    Plaintiff is informed and believes that the wrongful acts of Defendants include violations of federal and state law before the initiation of the LOAN as well as during the servicing period of the LOAN:

    a.  Prior to the funding of the LOAN, BROKER and/or WMC represented to Plaintiff that very favorable loans, loan terms and interest rates were available to her;

    b.  As a result, BROKER, WMC Mortgage Corporation and other Defendants convinced Plaintiff to refinance the Subject Property and to take out financing for that purpose with WMC, the LOAN;

    c.  Plaintiff is further informed and believes that BROKER, WMC and other Defendants knew or intended that Plaintiff receive a worse loan, and that the worse loan produced a higher commission for them because it was at a higher interest rate and subject to higher fees;

    d.  Plaintiff is further informed and believes that BROKER, WMC and Defendants knew or should have known that in the event of Plaintiff's inability to perform on the LOAN, prepayment penalties, commissions and other foreseeable charges to Plaintiff would constitute an additional payment stream to the benefit of Defendants.

16.    Although BROKER, WMC and other persons made certain representations regarding the LOAN, in actuality, the LOAN was not as represented because among other things:

    a.  It was at a higher interest rate than what was represented;

    b.  The payments were higher than the payment as represented to and agreed upon by Plaintiff;

    c.  There was less equity in the Subject Property than represented;

    d.  There was less money available to Plaintiff than represented;

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2008 QMS Law – All Rights Reserved

e.  The LOAN subsequently became unaffordable for Plaintiff; and

f.  Plaintiff was accordingly put into a mortgage all without Plaintiff's informed consent.

17.  Plaintiff is informed and believes that Defendants failed to provide Plaintiff with the proper disclosures required under federal and state law:

a.  Defendants did not provide to Plaintiff a proper notice of right to cancel at the time of the transaction;

b.  Defendants did not provide to Plaintiff accurate disclosures of the costs of financing, the Annual Percentage Rate ("APR"), the payment obligations, or the type of loan at the time of the transaction;

c.  Defendants did not provide to Plaintiff a proper notice of right to cancel subsequent to the time of the transaction; and

d.  Defendants did not provide to Plaintiff accurate disclosures of the costs of financing, the APR, the payment obligations, or the type of loan subsequent to the time of the transaction.

e.  Defendants charged excessive amounts to Plaintiff in conjunction with the loan origination including but not limited to:

i.  Numerous disclosed fees and charges purporting to be reasonable and to reflect the actual costs and values of the same, but actually constituting profit lines to the Defendants;

ii.  Other unknown and undisclosed fees, commissions, premiums and compensation.

18.  Plaintiff is informed and believes Defendants took unfair advantage of Plaintiff because they knew Plaintiff trusted them and was susceptible to their undue influence.

19.  Plaintiff is informed and believes that Defendants WMC, Saxon and other Defendants received Qualified Written Requests regarding the LOAN from Plaintiff and failed to adequately respond to Plaintiff's requests for information, which would have enabled Plaintiff an opportunity to work out the LOAN.

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2008 QMS Law. All Rights Reserved

## LOAN SERVICING

20.    Plaintiff is informed and believes that Defendants WMC, Saxon and other Defendants failed to fulfill their lawful obligations regarding servicing of the LOAN.

21.    Plaintiff is informed and believes that Defendants further took advantage of Plaintiff while Plaintiff made extensive efforts in good faith to resolve the disputed issues while Defendants sought to obtain information for debt collection purposes and to further exert influence over Plaintiff.

22.    Plaintiff is informed and believes that BROKER, WMC, and other Defendants and/or their agents breached their duties of care to Plaintiff.

23.    At the time the LOAN was executed, Defendants exhibited predatory lending practices which include, but are not limited to, the following:

        a.   Engaging in aggressive telephone or mail soliciations to targeted neighborhoods;

        b.   Structuring loans with payments Plaintiff could not afford;

        c.   Funding loans with high Annual Percentage Rates;

        d.   Rushing the loan closing;

        e.   Engaging in loan flipping;

        f.   Levying excessive late fees;

        g.   Engaging in abusive collection practices

24.    Furthermore, Plaintiff is informed and believes that BROKER, WMC, and other Defendants and/or their agents willfully deceived Plaintiff.

25.    Plaintiff notified WMC and Saxon of the defects in the LOAN and of Plaintiff's right and desire to rescind the LOAN.

26.    Plaintiff is informed and believes that the loan securitization process has created a situation where no single entity has complete ownership of the LOAN, or even sufficient authority to negotiate a workout or modification to the LOAN.  As a result the Originating Lender, unknown investors and one or more servicers all entered into servicing agreements with an entity that cannot speak for the LOAN.  Saxon represented that it had the right and authority to foreclose on the Subject Property.  Plaintiff is informed and believes that this representation was false because all of Saxon's rights regarding the LOAN are derivative of rights held by unknown investors whose rights are

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2009 QMS Law All Rights Reserved

themselves dependent on the rights of the Originating Lender and BROKER who perpetrated the initiation of the LOAN. Plaintiff is informed and believes that Saxon falsely, wrongfully, and either negligently or intentionally represented to Plaintiff and to others that it had authority to service, collect, negotiate, work-out, and foreclose the LOAN notwithstanding the deficiencies with the LOAN.

27. Plaintiff is informed and believes that the LOAN and related contracts contain conflicting terms that are not reasonably comprehensible by a consumer, possibly including but not limited to the Note, Addenda, Trust Deed, Rider(s), TILA, Estimated Settlement Statement(s), Final Settlement Statement(s), Escrow Instruction(s), all containing complicated and in many cases contradictory terms.

28. Plaintiff relied on the representations of BROKER, WMC and other Defendants as alleged herein because Plaintiff reasonably believed that Defendants are licensed banks, real estate agencies, brokers and/or mortgage companies, and are fiduciaries of Plaintiff, owing Plaintiff duties of utmost care, loyalty, professionalism and to conduct all real estate transactions herein without violating any of the fiduciary duties owed to Plaintiff.

29. BROKER, WMC and other Defendants breached their fiduciary obligations owed to Plaintiff, were negligent, made negligent misrepresentations, intentional misrepresentations, breached their contract with Plaintiff, were professionally negligent and caused Plaintiff damages.

30. Plaintiff is informed and believes that Saxon and other Defendants purchased or otherwise acquired unknown rights and/or responsibilities relating to Plaintiff's LOAN from WMC at some date unknown to Plaintiff. All such rights and responsibilities depend on the rights of WMC and are meaningless and unenforceable if the rights of WMC are unenforceable.

31. Plaintiff is informed and believes that Saxon and/or any entity that owns any rights as to the LOAN, steps into the shoes of the Originating Lender, WMC, with respect to the deficiencies in the loan documents as well as the failure to provide Plaintiff with suitable disclosures and contract terms. Saxon, and/or any entity that owns any rights as to the LOAN, cannot take any action on the LOAN that the Originating Lender or BROKER would have been prevented from taking due to the deficiencies in the LOAN. Plaintiff is informed and believes that Saxon, and/or any entity that owns

8

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2009 QMS Law. All Rights Reserved

1   any rights as to the LOAN, is contractually liable for the deficiencies at the originating stage of the

2   LOAN. Saxon is a necessary party to this action to resolve the respective interests of the parties over

3   the Subject Property.

4         32.    As a proximate result of Defendants' conduct as herein alleged, Plaintiff sustained

5   damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of

6   credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial. As

7   a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has

8   suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental

9   and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

10        33.    Plaintiff's damages included but are not limited to:

11          a. Excessive fees, charges, penalties and interest.

12        34.    Each Defendant herein is responsible for the acts of other Defendants and their

13   predecessors based on the doctrine of *respondeat superior*. Further, each Defendant herein is

14   responsible for the acts of other Defendants because each Defendant negligently supervised the other

15   Defendants and is therefore directly responsible for the acts of the other Defendants.

16        35.    All Defendants are agents, employees and other fiduciaries of each other as set forth

17   within. Each of the wrongful acts by Defendants against Plaintiff set forth within were done in the

18   scope of employment. Defendants were acting as agents and employees and in the transaction of the

19   business of the employment or agency when performing their wrongful actions. Defendants are

20   therefore directly, jointly and severally liable to Plaintiff for the actions of BROKER, WMC, Saxon,

21   the employees of said parties, and all other Defendants as set forth within.

22        36.    The aforementioned conduct of Defendants was an intentional misrepresentation,

23   deceit, or concealment of a material fact known to Defendants with the intention on the part of

24   Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and

25   was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard

26   of Plaintiff's rights, so as to justify an award of exemplary and punitive damages, as well as attorney

27   fees and costs.

28   ///

QMS Law
450 B St. #1430
San Diego, CA 92101
[Fed Cmp r05 38088]

Copyright © 2008 QMS Law. All rights reserved

## FIRST CAUSE OF ACTION

### VIOLATION OF RESPA 12 U.S.C. § 2605

#### (Against All Defendants)

37.     Plaintiff incorporates by this reference each and every allegation contained in all foregoing paragraphs, as though set forth in full herein.

38.     Defendants WMC, Saxon and other Defendants failed to adequately respond to Plaintiff's requests for information regarding the LOAN and for an opportunity to work out the LOAN.

39.     Defendants WMC, Saxon and other Defendants failed to adequately respond to Plaintiff's Qualified Written Requests in violation of RESPA.

40.     Defendants WMC, their predecessors and other Defendants were required to give Plaintiff notice of transfer and the required sixty (60) days after the transfer period before assessing a late fee pursuant to 2605(d).

41.     Upon information and belief, WMC, Saxon and other Defendants improperly imposed a late fee on Plaintiff within sixty (60) days of the LOAN transfer.

42.     Plaintiff is informed and believes that Defendants WMC, BROKER and other Defendants violated RESPA at the origination of the LOAN in various ways.

43.     As a proximate result of the negligent conduct of Defendants and their failures as herein alleged, Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, and other damages to be determined at trial.  As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.  Plaintiff seeks to recover all possible damages Plaintiff is entitled to recover pursuant to RESPA, including statutory and punitive damages if possible.

///

///

///

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2009 QMS Law. All rights reserved

## SECOND CAUSE OF ACTION

### VIOLATION OF TRUTH-IN-LENDING ACT 15 U.S.C. § 1601 *et seq.*

### (Against All Defendants)

44.     Plaintiff incorporates by this reference each and every allegation contained in all foregoing paragraphs, as though set forth in full herein.

45.     All Defendants have fraudulently concealed facts upon which the existence of Plaintiffs' claims is based, and as such, the statute of limitations is equitably tolled as to this Cause of Action.

46.     Furthermore, Plaintiff is informed and believes that BROKER, WMC and Saxon violated TILA at the time of origination because, among other things:

      a.   The interest rate on the note and the Truth-in-Lending disclosure were deceptively presented and not consistent.

      b.   The APR was not correctly calculated.

      c.   The required payments to the lender and BROKER were not fully disclosed.

47.     Plaintiff is informed and believes that Defendants' violation of the provisions of law rendered the credit transaction null and void, invalidates Defendants' claimed interest in the Subject Property, and entitles Plaintiff to damages as proven at trial.

## THIRD CAUSE OF ACTION

### UNFAIR COMPETITION UNDER BUSINESS & PROFESSIONS CODE § 17200

### (Against All Defendants)

48.     Plaintiff incorporates by this reference each and every allegation set forth in all foregoing paragraphs, as though set forth in full herein.

49.     Defendants have engaged in business practices that are unlawful, unfair and fraudulent.

50.     Defendants' business practices are unlawful as the activities alleged herein, i.e. those described in the foregoing causes of action, are forbidden by law.

51.     Defendants' business practices are unfair because they offend public policy, are immoral, unethical, oppressive, and substantially injurious to consumers. Defendants, with little to

11

COMPLAINT

Copyright 2008 QMS Law All Rights Reserved

1  no regard to Plaintiff's financial condition, brokered, executed and serviced the LOAN.

2  Simultaneously, Plaintiff was unaware that LOAN was unaffordable to Plaintiff given the oral

3  representations to the contrary made by Defendants, as well as the volume, complexity and

4  incomprehensible nature of LOAN documents provided by Defendants to Plaintiff.

5       52.    Further, Defendants' business practices can be classified as unfair on the additional

6  grounds that the damage accruing to Plaintiff as a result of the defective LOAN significantly

7  outweighs the reasons, justifications and motives of Defendants in brokering, executing and servicing

8  the LOAN.  Due to the LOAN, Plaintiff is burdened with a higher interest rate, a mortgage that did

9  not pay off the debts (as Defendants promised it would) and the period of Plaintiff's mortgage is

10  longer than it should be; in return, Defendants and each of them have unfairly and unlawfully

11  received commissions, fees and payments from Plaintiff.

12       53.    Finally, Defendants business practices were fraudulent because their activities were

13  deceptive to the public.  Among other things, Defendants represented to Plaintiff that very favorable

14  loans, loan terms and interest rates were available, when in fact, they were not.

15  **FOURTH CAUSE OF ACTION**

16  **NEGLIGENT MISREPRESENTATION**

17       54.    Plaintiff incorporates by this reference each and every allegation contained in all

18  foregoing paragraphs, as though set forth in full herein.

19       55.    All Defendants have fraudulently concealed facts upon which the existence of

20  Plaintiffs' claims is based, and as such, the statute of limitations is equitably tolled as to this Cause of

21  Action.

22  **Count 1**

23  **(Against Defendants WMC, and BROKER)**

24       56.    WMC and BROKER made material misrepresentations to Plaintiff which include, but

25  are not limited to, those listed above.

26  ///

27  ///

28  ///

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2009 QMS Law All Rights Reserved

## Count 2

### (Against Defendants Saxon)

57.     Saxon aided, abetted and was in a contractual relationship with WMC and other investors as to downstream transactions regarding transfer and servicing of the LOAN.

## Count 3

### (Against Defendants Saxon and DOES)

58.     After the LOAN, was were deficient at the origination stage, was transferred to Saxon, Saxon initiated foreclosure proceedings against Plaintiff.  Saxon made a misrepresentation of material fact by representing to Plaintiff that it had the authority and right to foreclose on the LOAN, when in fact, it did not.

59.     Plaintiff received a Notice of Trustee's Sale from Quality Loan Service Corp. ("QLS").  Saxon authorized QLS to proceed with a Trustee's Sale on the Subject Property, scheduled to take place on or about August 12, 2009.  By authorizing the Notice of Trustee's Sale, Saxon falsely and negligently represented to Plaintiff that they had the authority to foreclose on the LOAN.

60.     Plaintiff is informed and believes that the representations of Saxon were false since Saxon knew or should have known that it did not have the authority or right to foreclose on the LOAN that was deficient at the origination stage.

61.     If any of Defendants' misrepresentations made herein were not intentional, said misrepresentations were negligent. When Defendants made the representations alleged herein, they had no reasonable ground for believing them to be true.

62.     Defendants made these representations with the intention of inducing Plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectation that Plaintiff would so act.

63.     Plaintiff, unaware of the complexities and/or defects involved in the subsequent transactions between Defendants that occurred after Plaintiff entered into the LOAN, justifiably relied on Saxon's representations that it had the authority to foreclose on the LOAN.

64.     As a proximate result of the negligent misrepresentations of Defendants as herein alleged, Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress,

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101          [Fed Cmp r05 38088]

Copyright 2009 QMS Law All Rights Reserved

1   loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages

2   to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as

3   alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation,

4   embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to

5   be established at trial.

### FIFTH CAUSE OF ACTION

6

### FRAUD

7

8        65.    Plaintiff incorporates by this reference each and every allegation contained in all

9   foregoing paragraphs, as though set forth in full herein.

10       66.    Plaintiff is informed and believes that BROKER, WMC, Saxon and other Defendants

11  made various false misrepresentations to Plaintiff regarding the LOAN and induced Plaintiff to enter

12  into the LOAN.   Saxon assumed the responsibilities and duties owed to Plaintiff by

13  purchasing/assuming the LOAN.  BROKER, WMC, Saxon, and other Defendants are responsible for

14  the false misrepresentations made by BROKER, WMC, Saxon, their predecessors and other

15  Defendants herein.  Defendants and each of them are successors in interest to BROKER, WMC,

16  Saxon, to each other, and other responsible parties.  All Defendants and each of them acted in concert

17  with respect to defrauding Plaintiff.

### Count 1

18

### (Against Defendant BROKER and WMC)

19

20       67.    Plaintiff is informed and believes that Defendants made various misrepresentations of

21  material fact with respect to the LOAN, and induced Plaintiff to rely on said misrepresentations.

22  These misrepresentations were representations of material fact with respect to the period of the

23  mortgages, the interest rates and other terms of the mortgages.  The representations made to Plaintiff

24  by Defendants were in fact false.

25       68.    BROKER and its agents acting in their capacity and with the authority vested in them

26  as agents or employees of BROKER, during the origination phase of the loan transaction,  made

27  statements to Plaintiff with knowledge and ratification by WMC, which may be imputed to WMC.

28       69.    Plaintiff is informed and believes that all Defendants herein intended to induce

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA  92101

[Fed Cmp r05 38088]

Copyright 2008 QMS Law With All Rights Reserved

Plaintiff's reliance on the facts misrepresented, and variously misinformed Plaintiff regarding the terms of the LOAN as alleged herein so that Plaintiff would enter into the financing agreements and so that they could cause Plaintiff to agree to the LOAN. BROKER, WMC, Saxon and other Defendants are successors in interest to Plaintiff's LOAN as alleged herein and each and all of them also intended to induce Plaintiff to accept the LOAN and to continue on with the fraudulent LOAN.

70.    Defendants knew or should have known that the representations made in their correspondences were in violation of RESPA. Defendants knew or should have known that the representations made by Defendants in an attempt to convince Plaintiff to take out the LOAN were false.

71.    In justifiable reliance on Defendants' and each of their various misrepresentations, Plaintiff did take out the LOAN on the Subject Property, Plaintiff is burdened with a higher interest rate, Plaintiff is burdened with a mortgage that did not pay off the debts as Defendants promised they would do, the period of Plaintiff's mortgage is longer than it should be, Plaintiff is now burdened with the unlawful LOAN and Plaintiff has suffered damages as a result.

72.    At the time Defendants and their predecessors herein made the promises and representations to Plaintiff, Defendants and their predecessors herein had no intention of performing the promises.

73.    The promises were made by Defendants and their predecessors with the intent to induce Plaintiff to take out the LOAN and take other actions so that Defendants and each of them could make their respective profits, commissions, yield spread premiums, sales quotas and gain other beneficial financial interests including but not limited to prepayment penalties, late payment penalties, surcharges and other fees.

74.    Plaintiff, at the time these promises were made and at the time Plaintiff took the actions herein alleged, was ignorant of Defendants' secret intentions not to perform, ignorant of Defendants' false representations stated herein, and Plaintiff could not, in the exercise of reasonable diligence, have discovered Defendants' secret intentions and false representations. In reliance on the promises of Defendants and their predecessors, Plaintiff signed various documents, ultimately ending up with the LOAN.

COMPLAINT

Copyright 2008 QMS Law All Rights Reserved

75.     Defendants and their predecessors are reputable real estate companies doing business in California, and Plaintiff justifiably relied on their representations.   Defendants and their predecessors are/were all brokers, real estate agents and other licensed professionals that worked for Defendants.

76.     Plaintiff, at the time these representations were made by Defendants and their predecessors, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of the misrepresentations and believed them to be true. In reliance on these representations, Plaintiff was induced to take out the LOAN, be burdened with fraudulent LOAN, and other actions.  Had Plaintiff known the actual facts, Plaintiff would not have taken such action.

77.     As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial.  As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

78.     The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendants with the intention on the part of Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages, as well as attorney fees and costs.

### Count 2

### (Against Defendants Saxon and DOES)

79.     Defendants made various representations of material fact with respect to the LOAN, and induced Plaintiff to rely on said misrepresentations.

80.     After the LOAN was transferred to Saxon, it threatened and/or initiated foreclosure proceedings against Plaintiff.

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2009 QMS Law All Rights Reserved

81.   Defendants represented among other things that:

    a.  The LOAN was validly entered into and properly initiated free of unlawful or fraudulent inducements;

    b.  Defendants had proper authority to foreclose on the LOAN.

82.   The representations made to Plaintiff by Defendants were in fact false.

83.   Plaintiff is informed and believes that Defendants intended to induce Plaintiff's reliance on the facts misrepresented, and variously misinformed Plaintiff regarding the terms and validity of the LOAN as alleged herein.

84.   Defendants knew or should have known that the representations made in its correspondences were in violation of state and federal law.

85.   In justifiable reliance on Defendants' and each of their various misrepresentations, Plaintiff attempted to continue making payments on the LOAN, made payments or partial payments, spent substantial time attempting to contact and/or negotiate with Defendants as to possible modification and workout options, and endured the emotional hardship incident the threat of losing one's home.

86.   Plaintiff, when confronted with the threat of foreclosure and at the time Plaintiff took the actions herein alleged, was ignorant of Defendants' inability to lawfully foreclose and its false representations stated herein. Plaintiff could not, in the exercise of reasonable diligence, have discovered Defendants' secret intentions and false representations. In reliance on the statements of Defendants and their predecessors, Plaintiff attempted to continue making payments on the LOAN to Plaintiff's detriment and Defendants' benefit.

87.   At the time Defendants and their predecessors herein made the statements and representations to Plaintiff, Defendants and their predecessors could not lawfully perform; namely, Defendants lacked the legal authority to foreclose on the LOAN.

88.   The promises were made by Defendants and their predecessors with the intent to make their respective profits, commissions, sales quotas and gain other beneficial financial interests including but not limited to prepayment penalties, late payment penalties, surcharges and other fees.

///

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2009 QMS Law. All Rights Reserved.

89.    Defendants and their predecessors are reputable federally recognized financial companies doing business in California, and Plaintiff justifiably relied on their representations. Defendants and their predecessors are/were all financiers that worked for Defendants.

90.    Plaintiff, at the time these representations were made by Defendants and their predecessors, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of the misrepresentations and believed them to be true.  In reliance on these representations, Plaintiff was induced to continue making payments on the LOAN and initiate negotiations as to a modification on the LOAN.  Had Plaintiff known the actual facts, Plaintiff would not have taken such action.

91.    As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial.  As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

92.    The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendants with the intention on the part of Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages, as well as attorney fees and costs.

## SIXTH CAUSE OF ACTION

## RESCISSION

### (Against All Defendants)

93.    Plaintiff incorporates by this reference each and every allegation contained in all foregoing paragraphs, as though set forth in full herein.

94.    Plaintiff is entitled to rescind the LOAN because the note and contract were defectively and/or fraudulently consummated in violation of applicable laws.

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2009 QMS Law with All Rights Reserved

95.   Plaintiff is informed and believes that Defendants do not have and cannot produce an original deed and an original note relating to the LOAN.

96.   As a proximate result of the conduct of Defendants as herein alleged, Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial.   As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

## SEVENTH CAUSE OF ACTION

### QUASI CONTRACT

#### (Against All Defendants)

97.   Plaintiff incorporates by this reference each and every allegation contained in all foregoing paragraphs, as though set forth in full herein.

98.   Plaintiff is informed and believes that a contractual relationship exists between Plaintiff and Saxon because rights and obligations under the Note between Plaintiff and WMC have been transferred from WMC to other currently unidentified investors, and then to Saxon.  Plaintiff is informed and believes that the current investors claiming to own the Note have entered into a contractual relationship with Saxon conveying rights and assigning responsibilities relating to the note and to Plaintiff.

99.   Alternatively, if no contractual chain establishes that a contractual relationship exists between Plaintiff and Saxon, Plaintiff is informed and believes that a quasi-contractual relationship exists between Plaintiff and Saxon because, among other things, Saxon has demanded that Plaintiff make payments to Saxon on the Note and Saxon has stated and implied that Plaintiff has a contractual obligation to pay Saxon.  Plaintiff has requested information regarding the terms of the arrangement between Saxon and the actual owners of the Note but Saxon has failed and refused to provide the information.  Plaintiff will seek leave to amend this pleading when the relevant information is obtained in discovery.

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2009 QMS Law  All Rights Reserved

100.     All Defendants received benefits from Plaintiff in the form of commissions, rebates, portions of payment streams, fees, charges or other compensation deriving from the original defective loan documents.

101.     Plaintiff is informed and believes that Saxon has received fees, costs, commissions, payments, and/or other money.

102.     Plaintiff is informed and believes that Saxon has received fees, costs, commissions, payments, and/or other money which each Defendant has unjustly retained.

103.     Plaintiff alleges that Plaintiff paid fees, costs, commissions, payments, and/or other money to Defendants under the mistaken belief that Plaintiff was under a duty to do so to Plaintiff's detriment, and as a result of the payment of such funds Plaintiff has suffered financially.

104.     By their misrepresentations, omissions and other wrongful acts alleged heretofore, Defendants, and each of them, were unjustly enriched at the expense of Plaintiff, and Plaintiff was unjustly deprived, and is entitled to restitution.

## EIGHTH CAUSE OF ACTION

## DETERMINATION OF VALIDITY OF LIEN

### (Against All Defendants)

105.     Plaintiff incorporates by this reference each and every allegation contained in all foregoing paragraphs, as though set forth in full herein.

106.     Plaintiff is informed and believes and alleges that the defective documentation, false representations and/or fraud that induced Plaintiff to enter into the LOAN render the security interest invalid and unenforceable.

107.     Plaintiff prays for a determination that the lien is void *ab initio*, and a declaratory order of the same.

108.     Defendants' claim to Subject Property is adverse to Plaintiff's.

109.     Because of the wrongful acts alleged herein, Defendants, and each of them, have forfeited any and all interest in the Subject Property.

///

///

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA  92101

[Fed Cmp r05 38088]

Copyright 2009 QMS Law. All Rights Reserved

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

A.   IF THIS COURT determines that Defendants violated TILA at the inception, then Plaintiff requests that this Court find that the alleged Note and Lien are invalid and order as follows:

1.   For immediate cease and desist order enjoining all Defendants, and each of them, their agents, servants, heirs, DBAs, FKAs, corporate affiliates, subsidiaries, employees, and all persons or entities acting under, in concert with, or on their behalf in any capacity from selling or conveying or attempting to sell or convey any interest whatsoever that Plaintiff may have in the real property commonly known as 440 Ringwood Drive, San Diego, CA 92114 or relating to the LOAN.

2.   For preliminary injunction and permanent injunction, enjoining all Defendants, and each of them, their agents, servants, heirs, DBAs, FKAs, corporate affiliates, subsidiaries, employees, and all persons or entities acting under, in concert with, or on their behalf in any capacity from selling or conveying or attempting to sell or convey any interest whatsoever that Plaintiff may have in the real property commonly known as 440 Ringwood Drive, San Diego, CA 92114, relating to the LOAN, which is presently unknown to Plaintiff;

3.   That the deed of trust securing the Subject Property and securing the LOAN, be rescinded and Plaintiff's Deed of Trust immediately restored to Plaintiff;

4.   That Plaintiff's credit standing be fully restored in relation to the LOAN;

5.   That any and all Notice of Intent to Foreclose issued by any Defendants or agents of Defendants relating to 440 Ringwood Drive, San Diego, CA 92114 be rescinded;

6.   That title to the property commonly known as 440 Ringwood Drive, San Diego, CA 92114, be restored to Plaintiff in the name of "Viola Frison"; and

7.   That the LOAN be forgiven in their entirety;

B.   IF THIS COURT determines that Plaintiff has a right to properly rescind these LOAN, then Plaintiff requests that this Court order:

8.   That Plaintiff's credit standing be fully restored in relation to the LOAN;

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

Copyright 2008 QMS Law. All rights reserved.

9. That any and all Notice of Intent to Foreclose issued by any Defendants or agents of Defendants relating to 440 Ringwood Drive, San Diego, CA 92114 be rescinded;

10. That Defendants provide an accounting of all amounts charged to Plaintiff or paid by Plaintiff relating to the LOAN;

11. That Defendants promptly pay said amounts to Plaintiff;

12. That the LOAN and related notes be forgiven in their entirety; and

13. That Defendants receive and accept title to the Subject Property from Plaintiff.

C. Under all alternatives, Plaintiff prays:

14. That this Court grant judgment in favor of Plaintiff against all Defendants;

15. For all damages and remedies Plaintiff is entitled to recover under RESPA;

16. For all damages and remedies Plaintiff is entitled to recover under TILA;

17. For judgment that Plaintiff is entitled to compensation of the full value of the Subject Property;

18. For compensatory damages according to proof, including lost credit, lost earnings and other employee benefits, medical expenses, emotional distress, humiliation, mental anguish, and other compensatory damages;

19. For general damages according to proof;

20. For special damages according to proof;

21. For interest on damages according to proof;

22. For prejudgment interest on such damages as provided by law;

23. For attorney fees incurred by Plaintiff;

24. For costs of suit incurred by Plaintiff; and

25. For such other and further relief as the court deems proper.

Dated: August 10, 2009

Quintana McConnin & Sarte LLP

By: _____
L. Quintana, Esq.
Attorney for Plaintiff Viola Frison

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38088]

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
VIOLA FRISON

**DEFENDANTS**
WMC Mortgage Corporation, et al
09 AUG 10 PM 4: 24

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
L. Quiintana, Esq,        Telephone: (619) 231-6655
450 B Street, Suite 1430, San Diego, CA 92101

Attorneys (If Known)
'09 CV 1733 LAB   NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | PERSONAL INJURY | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | PERSONAL PROPERTY | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 371 Truth in Lending | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 380 Other Personal Property Damage | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 385 Property Damage Product Liability | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | CIVIL RIGHTS | PRISONER PETITIONS | IMMIGRATION | ☐ 950 Constitutionality of State Statutes |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 462 Naturalization Application | |
| | ☐ 442 Employment | Habeas Corpus: | ☐ 463 Habeas Corpus - Alien Detainee | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 465 Other Immigration Actions | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1601, 12 USC 2605
Brief description of cause:
Consumer mortgage-related RESPA and TILA violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 260,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 08/10/2009
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 4065   AMOUNT 350.—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CP 8/10/09

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS004065
Cashier ID: sramirez
Transaction Date: 08/10/2009
Payer Name: QUINTANA MCONNIN
----------------------------------
CIVIL FILING FEE
 For: FRISON V. WMC MORTGAGE
 Case/Party: D-CAS-3-09-CV-001733-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 1041
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


 There will be a fee of $45.00
 charged for any returned check.