1

2

3

4

5

6

7

8           **UNITED STATES DISTRICT COURT**

9         **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   VIOLA FRISON,                          CASE NO. 09cv1733-LAB (NLS)

12                          Plaintiff,      **ORDER STRIKING PARAGRAPH
                                            6 OF COMPLAINT**
        vs.
13

14   WMC MORTGAGE CORPORATION,
     et al.,
15
                          Defendants.
16

17        As part of her Complaint in this case, Plaintiff included a section addressed directly

18   to Defendant and purporting to constitute a "qualified written request" ("QWR") under 12

19   U.S.C. § 2605(e)(1)(B) of Real Estate Settlement Practices Act (RESPA).  This section,

20   paragraph 6 of the Complaint, begins:

21          Plaintiff intends this action and this document to represent a formal complaint
            and also act as a "qualified written request."  This Complaint contains
22          Plaintiff's name, premises address, account numbers, and demands in
            connection with the subject LOAN as to each originating lender and each
23          subsequent servicer . . . .

24   This is followed by a list of eight demands for information.

25        On December 4, the Court ordered Plaintiff's counsel to show cause why this portion

26   of the Complaint should not be stricken pursuant to Fed. R. Civ. P. 12(f).  Plaintiff's counsel

27   filed a response.  For reasons set forth below, the Court finds Plaintiff's contentions

28   meritless.

                                          - 1 -                                09cv1733

1      Plaintiffs in this District and elsewhere have attempted to include requests in their

2    complaints as a means of making QWRs, and all efforts have been rejected.  *See,* e.g.*,*

3    *Delino v. Platinum Community Bank*, 628 F. Supp. 2d 1226 (S.D.Cal., 2009); *Wenglicki v.*

4    *Tribeca Lending Corp.*, 2009 2009 WL 1364430 WL 2195221 (E.D.Pa., July 22, 2009),

5    *Walker v. Equity 1 Lenders Group*, (S.D.Cal., May 14, 2009), *Andrew v. Ivanhoe Financial,*

6    *Inc.,* 2008 WL 2265287 (E.D.Pa., May 30, 2008).  The reasons are, or should be, apparent.

7      RESPA provides that a QWR consists of "a written correspondence" that satisfies

8    certain conditions.  12 U.S.C. 2605(e)(1)(B)  A complaint, by contrast, is addressed to the

9    court and its purpose is to give notice to the court and to the defendant of the claims and the

10   basis for the court's jurisdiction. Fed. R. Civ. P. 8.  The filing of a complaint or other pleading

11   is not intended as a convenient way for the parties to talk directly to each other while the

12   Court stands by.

13     Plaintiff cites *In re Payne*, 387 B.R. 614, 634 (Bkrtcy.D.Kan., 2008) for the principle

14   that a complaint may properly include a QWR or other request for information directed to the

15   defendant. *Payne*, however, stands for an entirely different proposition, namely that a party

16   may obtain information either by making a QWR or through the discovery process.  In other

17   words, Plaintiff appears to be conflating QWRs and discovery requests, which are different

18   types of communications to the opposing party, and mistaking both of them for a complaint,

19   which is directed to the Court.  In *Freeman v. Lasky, Haas & Cohler*, the Ninth Circuit

20   explained the difference:

21          A complaint, an answer, a counterclaim and other assorted documents and
            pleadings, in which plaintiffs or defendants make representations and
22          present arguments to support their request that the court do or not do
            something, can be described as petitions . . . . But discovery is merely
23          communication between parties as an aid to litigation. It is not in any sense
            a communication to the court and is therefore not a petition.
24

25   410 F.3d 1180, 1184 (9th Cir. 2005).

26     In addition, as several courts have already held, a QWR made in a complaint cannot

27   form the basis for a claim in that same complaint.  *See Walker*, 2009 WL 1364430 at *5

28   ("Even if the Complaint does constitute a qualified written request within the meaning of

1 | RESPA, Plaintiff cannot plausibly allege that [a loan servicer] failed to timely respond to

2 | Plaintiff's qualified written request in the same document that contains Plaintiff's qualified

3 | written request.") *See also Delino*, 628 F. Supp. 2d at 1232 (rejecting assertion that

4 | complaint could serve as a qualified written request for purposes of claim raised in the

5 | complaint)*; Andrew*, 2008 WL 2265287 at *6 and n.8 (explaining that plaintiff's request to

6 | construe complaint as a "qualified written request" under RESPA was "unsatisfactory" and

7 | declining to accept it as such).

8 |      Furthermore, under 12 U.S.C. § 2605(e)(1)(A), a QWR must be received by a loan

9 | servicer, but the service requirements of Fed. R. Civ. P. 4(h) permit service on an

10 | organization's agent.  It would invite abuse to hold a loan servicer's agent responsible for

11 | reviewing each complaint, finding and recognizing any QWRs in the middle of the complaint,

12 | and forwarding any such QWRs to the proper personnel in time for a response to be made

13 | within the time permitted by law.  The risk is especially high here, where the QWR is tucked

14 | into the middle of the Complaint without being clearly identified.

15 |      Filing a complaint is not the proper way to communicate a QWR to a loan servicer for

16 | purposes of RESPA.  Plaintiff's attempted use of the Complaint to make a QWR is

17 | ineffective and serves no useful or proper purpose.  In numerous other cases filed in this

18 | Court, Plaintiff's counsel or his firm has tried to use complaints for this purpose, and he is

19 | now admonished that doing so is improper and subjects him to sanctions.  Paragraph 6 is

20 | thus impertinent and the Court orders it **STRICKEN** from the Complaint.

21 |      **IT IS SO ORDERED**.

22 | DATED:  December 11, 2009

23 | *Larry A. Burns*

24 | **HONORABLE LARRY ALAN BURNS**
United States District Judge

25 |

26 |

27 |

28 |

- 3 -                                              09cv1733